[Doc. No. 22]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TAMMY MARIE HAAS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil No. 08-1102 (JHR/JS) |
| : | |
| BURLINGTON COUNTY et. al., : | |
| : | |
| Defendants. : | |

**ORDER**

This matter is before the Court on the "Motion to Stay Proceedings" [Doc. Nos. 22, 27, 28] filed by defendants. Defendants seek a stay of all proceedings pending the decision of the Third Circuit Court of Appeals in the matter <u>Florence v. Bd. of Chosen Freeholders and the County of Burlington</u>, C.A. No. 05-3619 (JHR), 2009 WL 1971328 (D.N.J. 2009). See <u>Florence v. Bd. of Chosen Freeholders and the County of Burlington</u>, Docket No. 09-3661, (3rd Cir) [Doc. No. 194]. Plaintiff opposes defendants' motion [Doc. No. 25, 26]. The Court has exercised its discretion to decide defendants' motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons set forth below, defendants' motion to stay is GRANTED.

On March 31, 2009, plaintiff filed her complaint [Doc. No. 1] alleging that she was arrested by the Burlington County Sheriff's Office on the mistaken belief that she had a child support warrant out for her in Cumberland County, New Jersey. See Second Amended Compl. at ¶15 [Doc. No. 18]. Plaintiff alleges that despite the lack of probable cause to strip search, she was taken to the facility's shower room where a female officer directed her to remove her

clothes. Id. at ¶16. Plaintiff further alleges she was subject to a delousing procedure despite her obvious late term pregnancy. Id. After she was deloused, plaintiff alleges she was directed to run her hands through her hair, open her mouth, stick out her tongue, bend over, cough and spread her buttocks. Id. Plaintiff alleges this strip search occurred as a result of defendants' policy of blanket strip searching pre-trial detainees. Id. at ¶17. Plaintiff alleges this violated her constitutional rights. Id. at ¶¶21-37. Specifically, plaintiff alleges a violation of the following: (1) her federal constitutional rights under color of state law and (2) her statutory rights under the New Jersey Civil Rights Act. Id.[1]

Plaintiff is a member of the certified class in the case Florence v. County of Burlington, CA. No. 05-3619 (JHR). On April 18, 2009, plaintiff advised the court that she opted out of the class in Florence. On June 30, 2009, the Honorable Judge Joseph H. Rodriquez certified a question for interlocutory appeal in the Florence case: whether a blanket policy of strip searching all non-indictable arrestees admitted to a county correctional facility without first articulating reasonable suspicion violates the Fourth Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment? See Florence, supra, CA. No. 05-3619, [Doc. No. 188]. The proceedings in Florence were stayed pending the resolution of this issue before the Third Circuit. Id.

Defendants filed the present motion to stay pending the Third Circuit's decision in Florence. Defendant argues that a ruling by the Third Circuit on the constitutional issue of

---

[1] Plaintiff's claim involving a violation of constitutional rights under color of state law involves a federal question. She is alleging that her rights under the United States Constitution were violated when the correctional facility subjected her to a strip-search based on a non-indictable offense.

blanket strip searching will materially advance the current case.  See Defendant's Motion to Stay Proceedings at ¶11.  Plaintiff opposes defendants' motion by making three arguments.  See Opposition to Defendants' Motion to Stay Proceedings [Doc. No. 25].  First, plaintiff argues this case involves state law claims that are not at issue in the Florence case and therefore the decision in Florence will not dispose of the state law issues in the case.  Second, plaintiff alleges the facts of this case differ from the facts of Florence.  Third, plaintiff argues that granting a stay would prejudice plaintiff whereas denying the stay causes no hardship to the defendants.  Id. at ¶¶1-2.  Plaintiff further argues that the Honorable Magistrate Judge Ann Marie Donio's ruling in Moore v. Atlantic County , CA. No. 08-1102 [Doc. No. 29] addressed the same issue before this Court.

     The stay of a civil proceeding is an extraordinary remedy.  Walsh Securities, Inc. v. Cristo Property Management, Ltd., 7 F. Supp. 2d 523, 526 (D.N.J. 1998).  However, a court has the discretion to stay a case if the interests of justice so require.  U.S. v. Kordel, 397 U.S. 1, 12 n. 27 (1970).  In deciding whether to stay an action, the court must "weigh competing interests and maintain an even balance."  Landis v. North American Co., 299 U.S. 248, 255 (1936).   The court should consider whether the stay would prejudice the non-moving party and if it would further the interest of judicial economy.  Ford Motor Credit Co. v. Chiorazzo, 529 F. Supp. 2d 535, 542 (D.N.J. 2008) (Irenas, J.) (denying motion to stay, finding that plaintiff would be prejudiced); see also Gerald Chamales Corp. v. Oki Data Americas, Inc., 247 F.R.D. 453 (D.N.J. 2007) (denying motion for a stay of discovery, finding that non-moving party would be prejudiced).  The burden is on the party requesting the stay to "make out a clear case of hardship or inequity in being required to go forward . . . ".  Landis, 299 U.S. at 255.  The moving party "must state a clear countervailing interest to abridge a party's right to litigate."  CTF Hotel Holdings, Inc. v. Marriot

Int'l, Inc., 381 F.3d 131, 139 (3d Cir. 2004) (denying stay finding no hardship where moving party argued it would be forced to defend itself twice).

      The Court finds good cause for granting a stay pending the appeal before the Third Circuit. The Court notes that the case is in the early stages of discovery and a trial date has not been set. See Scheduling Order [Doc. No. 15]. In addition, the Third Circuit's decision may have implications for this action. If Florence is resolved in favor of defendants the federal claims may be disposed of and the matter could be remanded to state court. Therefore, the Court finds that a stay will promote judicial economy.

      Plaintiff argues that because the case involves state law claims that are not at issue in the Florence matter, then the outcome of the Florence appeal will not dispose of the state law issues in this case. However, the Third Circuit's decision may dispose of the federal claim in the case which will implicate whether the court retains jurisdiction.

      Next, plaintiff argues that a stay is inappropriate because the facts of this case differ from the facts in Florence. The question certified to the Third Circuit is the following: whether a blanket policy of strip searching all non-indictable arrestees admitted to a county correctional facility without first articulating reasonable suspicion violates the Fourth Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment. The Court finds this issue to be on point with plaintiff's claims. Although the facts of the two cases may be different, they certainly overlap. The Court expects the Third Circuit's Florence decision to impact plaintiff's federal constitutional claim in this case. Plaintiff argues that when there are

different claims, parties, or requested relief a stay is not be appropriate.² See Plaintiff's Opposition at 1. In Landis the court held that a stay can be granted even if the parties are not the same and the issues are not identical. Landis, 299 U.S. at 254. Here, the federal constitutional issue in Florence is similar to the issue in this case. While the parties are not the same, following the logic in Landis, a stay is still appropriate because the Florence decision will impact the case management of this case.

Plaintiff also argues that a stay would prejudice plaintiff. Plaintiff argues she is entitled to discovery and granting the stay will allow "memories to fade, and her damages to be of a bygone time period." See Plaintiff's Opposition at 3. The Court finds this argument has no merit. Defendant is under a duty to preserve relevant evidence. Furthermore, the Court does not expect the stay to last a long time. Therefore, the preservation of evidence should not be a problem.

Finally, plaintiff wrote a letter to the Court advising it that the Honorable Magistrate Judge Ann Marie Donio ruled in a similar case addressing the same issue before this Court. The letter advised the Court that Judge Donio granted a stay motion in part and denied the motion in part. Further, plaintiff alleges that "Judge Donio refused to even consider the County's motion until discovery was essentially complete." After reviewing the docket in Moore v. Atlantic

---

²Plaintiff relies on Franklin Commons East P'ship v. Abex Corp., 997 F. Supp. 585 (D.N.J. 1998). In Franklin, the court was presented with a federal case that was parallel to a California state court case. For purposes of determining whether the federal action should be stayed, it used the Colorado River Water Conservation District v. United States analysis which is only used when there are federal and state law claims parallel to each other. 424 U.S. 800, 817-18 (1976). Under Colorado River, only when the parties and claims are exactly the same, will the federal court stay the case. Here, the two actions are in federal court. Therefore, plaintiff's reliance on Franklin is misplaced.

5

County CA. No. 07-5444 [Doc. No. 46], it appears Judge Donio granted defendants' motion to stay and granted plaintiff leave to file a motion for partial summary judgment on an issue that was unique in Moore.  In Moore, the plaintiffs signed a waiver giving the correctional facility permission to strip search them.  As to the issue of waiver, Judge Donio allowed the parties to file summary judgment motions.  The Court then granted the motion to stay regarding the constitutionality of the strip search until the Florence decision was decided.  Therefore, plaintiff is misplaced relying on Judge Donio's decision in Moore.[3]  In addition, the Court notes that the Honorable Freda L. Wolfson recently granted the defendant's motion to stay in a case directly analogous to this case.  Bizzarro, et al v. Ocean County, et al, C.A. No. 07-5664 (FLW) (D.N.J. Nov. 16, 2009) [Doc. No. 53].

Accordingly, for all the foregoing reasons,

IT IS on this 24th day of November 2009 hereby

ORDERED that Defendants' Motion to Stay of Proceedings is GRANTED; and it is further

ORDERED that the Clerk of the Court shall administratively terminate the case without prejudice pending the Third Circuit's decision in Florence v. Bd. of Chosen Freeholders and the County of Burlington, 09-3661, (3rd Cir).  Upon being notified in writing that the decision has been issued, the case will be restored to the active docket.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

---

[3] Furthermore, Judge Donio did not "refuse" to consider the County's motion until discovery was essentially complete.  There is no indication this occurred in Judge Donio's Oral Opinion or Order.  The Moore case was at a different stage of discovery when the issue came up.