**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

TAMMY MARIE HAAS, individually
and on behalf of a class of
similarly situated
individuals,

            Plaintiff,

    v.


BURLINGTON COUNTY,

           Defendant.

Civil Nos. 08-1102, 10-009
(NLH/JS)


**OPINION**

CONRAD SZCZPANIAK,

           Plaintiff,

    v.


BURLINGTON COUNTY, et al.,

           Defendants.

**APPEARANCES:**

Carl D. Poplar, Esquire
1010 Kings Highway South
Building Two
Cherry Hill, New Jersey 08034

Seth R. Lesser, Esquire
Klafter Olsen & Lesser, LLP
2 International Place
Suite 350
Rye Brook, New York 10573

William A. Riback, Esquire
William Riback, LLC
132 Haddon Avenue

Haddonfield, New Jersey 08033
    *Attorneys for Plaintiffs Tammy Marie Haas and*
    *Conrad Szczpaniak*

Fran L. Rudich, Esquire
Klafter Olsen & Lesser LLP
1311 Mamaroneck Avenue
Suite 220
White Plains, New York 10605

Lauren Plevinsky, Esquire
William Riback, LLC
132 Haddon Ave
Haddonfield, New Jersey 08033
    *Attorneys for Plaintiff Conrad Szczpaniak*


Betsy G. Ramos, Esquire
Michelle L. Corea, Esquire
Laura Danks, Esquire
Capehart & Scatchard, P.A.
Laurel Corporate Center
8000 Midlantic Drive - C.s. 5016
Suite 300
Mount Laurel, New Jersey 08054

Evan H.C. Crook, Esquire
Capehart & Scatchard, P.A.
142 West State Street
Trenton, New Jersey 18608
    *Attorneys for Defendant Burlington County and Ronald Cox*

**<u>HILLMAN, District Judge</u>**

    This matter comes before the Court by way of Defendants Burlington County and Ronald Cox's appeal [Doc. No. 74] of the November 13, 2012 Memorandum Opinion and Order issued by the Honorable Joel Schneider, United States Magistrate Judge, granting Plaintiffs' motion for leave to file an amended complaint in this action.  The Court has considered the parties' submissions and decides this matter pursuant to Federal Rule of

Civil Procedure 78.

For the reasons expressed below, Defendants appeal will be denied and Judge Schneider's Memorandum Opinion and Order granting Plaintiffs' leave to file the amended complaint will be affirmed in part and reversed in part.


I.   **JURISDICTION**

In this proposed class action suit, Plaintiffs assert claims pursuant to 42 U.S.C. § 1983 for violations of their constitutional rights.  Accordingly, the Court has jurisdiction over Plaintiffs' federal claims under 28 U.S.C. § 1331, and may exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.


II.  **BACKGROUND**

As the Court writes primarily for the parties who are familiar with the facts and procedural history of this case, the Court sets forth herein only those facts necessary to put Defendants' current appeal in context.  In this proposed class action, Plaintiffs allege their constitutional rights were violated when they were strip searched at the Burlington County Jail in approximately 2006 and 2008, respectively.  A similar class action was filed in this District in July of 2005 by Albert Florence, who also alleged a violation of his constitutional

3

rights based, in part, upon his post-arrest strip search at the Burlington County Jail.  After the class was certified in Mr. Florence's July 2005 action by the Honorable Joseph H. Rodriguez, Plaintiffs opted out of the class and instituted their own individual actions.[1]  Plaintiffs' respective actions were administratively terminated without prejudice pending resolution of Mr. Florence's July 2005 action.

Judge Rodriguez granted summary judgment in favor of Mr. Florence in February of 2009, but this decision was reversed by a divided panel of the Third Circuit.  The Third Circuit's decision was affirmed by the Supreme Court in 2012.  See Florence v. Board of Chosen Freeholders of County of Burlington, 132 S. Ct. 1510 (2012).  Subsequently, Plaintiffs respective cases were restored to the Court's active docket and consolidated.  Plaintiffs then moved before Judge Schneider for leave to amend to avoid dismissal under the Supreme Court's holding in Florence. Defendants opposed Plaintiffs' motion on the basis that amendment was futile in light of Florence.  By Memorandum Opinion and Order of November 13, 2012, Judge Schneider granted Plaintiffs' motion to amend after conducting several oral arguments on the motion. Defendants now appeal Judge Schneider's ruling.

---

[1] Plaintiff Haas filed her complaint in this Court in 2008, while Plaintiff Szczpaniak filed his action in state court which Defendants removed to federal court in early 2010.

### III. <u>DISCUSSION</u>

#### A.   Standard of Review for Magistrate Appeals

Pursuant to 28 U.S.C. § 636(b)(1)(A), a United States Magistrate Judge may "hear and determine any [non-dispositive] pretrial matter pending before the court[.]"  28 U.S.C. § 636(b)(1)(A).  A district court judge will only reverse a magistrate judge's order on pretrial matters if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); <u>see also</u> FED. R. CIV. P. 72(a) (recognizing that a district judge can "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law."); L. Civ. R. 72.1(c)(1)(A) (noting that the district judge "shall consider the appeal ... and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.").

Under this standard, "'[a] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" <u>Wyeth v. Abbott Labs.</u>, 692 F. Supp. 2d 453, 455 (D.N.J. 2010) (citing <u>Marks v. Struble</u>, 347 F. Supp. 2d 136, 149 (D.N.J. 2004)).  "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." <u>Andrews v. Goodyear Tire & Rubber Co.</u>, 191 F.R.D. 59, 68 (D.N.J. 2000). Moreover, a ruling is "contrary to law if the magistrate judge

has misinterpreted or misapplied applicable law." _Gunter v. Ridgewood Energy Corp._, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). The "burden is on the moving party to demonstrate that the magistrate judge's finding is clearly erroneous or contrary to law." _Exxon Corp. v. Halcon Shipping Co._, 156 F.R.D. 589, 591 (D.N.J. 1994).

Here, Judge Schneider's November 13, 2012 Memorandum Opinion and Order pertains to a motion to amend – a non-dispositive motion. Therefore, the Court will examines this appeal under the "clearly erroneous or contrary to law" standard. _See_ _Exxon Corp._, 156 F.R.D. at 590 ("The adjudication by a magistrate of a non-dispositive motion will be set aside only if the order is found to be clearly erroneous of contrary to law.") (citing _Cipollone v. Liggett Group, Inc_. 785 F.2d 1108, 1113 (3d Cir. 1986)).

**B.   Amendment of Pleadings and Futility**

In the November 13, 2012 Memorandum Opinion and Order granting Plaintiffs' motion for leave to file an amended complaint, Judge Schneider correctly identified and applied the relevant Rules of Civil Procedure — Rule 12(b)(6) and Rule 15. Rule 15 governs Plaintiffs' motion to amend, while Rule 12(b)(6) provides the standard to address Defendants' opposition argument that amendment is futile.

Generally, the Federal Rules of Civil Procedure encourage

and provide for a liberal policy with regard to the amendment of pleadings.  Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave."  FED. R. CIV. P. 15(a)(2). Rule 15(a)(2) further "requires that leave to amend the pleadings be granted freely 'when justice so requires.'"  Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (citing FED. R. CIV. P. 15(a)) ("We have held that motions to amend pleadings should be liberally granted.").  In Foman v. Davis, 371 U.S. 178, 182 (1962), the Supreme Court articulated the policy of "freely" granting leave to amend.  See also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

"[A]bsent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment."  Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (internal quotations, citations, and emphasis omitted); see also Haynes v. Moore, 405 F. App'x 562, 564 (3d Cir. 2011) (noting that even though leave to amend under Rule 15 should be freely given, "a district court may exercise its discretion and deny leave to amend on the basis of undue delay, bad faith, dilatory motive, prejudice, or futility.").

7

As noted <u>supra</u>, Defendants opposed Plaintiffs' motion for leave to amend before Judge Schneider on the basis that amendment would be futile in light of the Supreme Court's opinion in <u>Florence v. Board of Chosen Freeholders of County of Burlington</u>, 132 S. Ct. 1510 (2012).  "The standard for assessing futility [of amendment] is the 'same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6).'"  <u>Great W. Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 175 (3d Cir. 2010) (citing <u>Shane v. Fauver</u>, 213 F.3d 113, 115 (3d. Cir. 2000)); <u>see also</u> <u>Alvin v. Suzuki</u>, 227 F.3d 107, 121 (3d Cir. 2000) ("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted.").

In considering Defendants' futility argument pursuant to the Rule 12(b)(6) standard for a motion to dismiss, the court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to Plaintiffs.  <u>See</u> <u>Evancho v. Fisher</u>, 423 F.3d 347, 350 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

In weighing a motion to dismiss under Rule 12(b)(6), a court asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the

claims[.]'"  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 563 n.8 (2007) (quoting <u>Scheuer v. Rhoades</u>, 416 U.S. 232, 236 (1974)); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1953 (2009) ("Our decision in <u>Twombly</u> expounded the pleading standard for 'all civil actions[.]'") (citation omitted).  First, under the <u>Twombly</u>/<u>Iqbal</u> standard, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing <u>Iqbal</u>, 129 S. Ct. at 1949).

Second, the court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  <u>Fowler</u>, 578 F.3d at 211 (citing <u>Iqbal</u>, 129 S. Ct. at 1950).  "[A] complaint must do more than allege the plaintiff's entitlement to relief."  <u>Fowler</u>, 578 F.3d at 211; <u>see also</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's <u>Twombly</u> formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (citing <u>Twombly</u>, 550 U.S. at 556).  "The defendant bears the burden of showing that no claim has been

presented." <u>Hedges v. U.S.</u>, 404 F.3d 744, 750 (3d Cir. 2005).

IV.   **<u>ANALYSIS</u>**

   **A.   Judge Schneider's Decision**

   In granting Plaintiffs' motion to amend, Judge Schneider reviewed the <u>Florence</u> decision and concluded that while the decision "left many questions unanswered, one thing [was] plain – that [was], that a minimum of five Justices (Alito and the four dissenters) did not endorse a blanket rule that <u>all</u> persons may be strip searched after they are arrested."  (Mem. Op. and Order [Doc. No. 69] 6, Nov. 13, 2012) (emphasis in original).  Judge Schneider further found that with the exception of Justice Thomas, "the Supreme Court appears to be receptive to an exception to a blanket strip search policy that applies to all arrestees."  <u>Id.</u>  Judge Schneider went on to observe that notwithstanding the fact that such an exception "ha[d] not been defined, at a minimum it appear[ed] to include a situation where a person was arrested for a 'minor' offense, she/he was not admitted to the general population, and there was no reasonable suspicion she/he was carrying contraband."  <u>Id.</u>

   Judge Schneider then examined the allegations of Plaintiffs' proposed amended complaint in light of his interpretation of the Supreme Court's holding in <u>Florence</u> – noting quite correctly that the court "face[d] a difficult task."  <u>Id.</u> at 9.  Accepting the

factual allegations of the proposed amended complaint as true and given the uncertainty created by <u>Florence</u> decision, Judge Schneider found that Plaintiffs pled "a plausible claim for relief" because they alleged facts that "plausibly place[d] them within the orbit of an exception to a blanket strip search policy that the majority of the Supreme Court appears ready to accept." <u>Id.</u> Judge Schneider took note of several pertinent facts Plaintiffs alleged including that: (1) "both [P]laintiffs were arrested for what appear[ed] to be a 'minor' offense[;]" (2) "both were strip searched before they were seen by a judicial officer[;]" and (3) "it was feasible for them to be segregated from the general population."[2] <u>Id.</u> Judge Schneider concluded that Plaintiffs' proposed amended complaint targeted the type[3] of "factual nuances the Supreme Court did not address [in <u>Florence</u>] and the nuances District Court[s] must sort out."  <u>Id.</u>

In granting Plaintiffs' motion to amend, Judge Schneider considered and rejected several arguments made by Defendants.[4] <u>Id.</u> at 10.  With respect to Defendants' contention that separate

---

[2] Judge Schneider specifically noted that Haas alleged in the proposed amended complaint that she did not enter the general population.  <u>Id.</u> at 9 (citing Proposed Amended Compl. ¶ 45).

[3] In <u>Florence</u>, Chief Justice Roberts specifically observed that "[f]actual nuances have not played a significant role as [the] case has been presented to the Court."  132 S. Ct. at 1523.

[4] The Court notes that Defendants raised a number of the same arguments on this appeal.

facilities do not exist to hold arrestees before they are seen by a judicial officer, Judge Schneider accurately noted that this argument raises a factual dispute that is not appropriate for resolution under the Rule 12(b)(6) standard.  Id.  Additionally, to the extent Defendants argued that Plaintiffs were strip searched after a judge had already determined they should be detained because an arrest warrant had already issued, Judge Schneider rejected that argument and interpreted Florence as referring to the "situation where a person is strip searched before her/his *post-arrest* detention is reviewed by a judicial officer."  Id. at 10-11 (emphasis added).  Thus, because Plaintiffs alleged that their post-arrest detention was not reviewed by a judicial officer before they were strip searched, Judge Schneider found Defendants' argument unpersuasive.  Id. at 11.  Finally, Judge Schneider rejected outright Defendants' contention that Plaintiffs presented the same factual circumstances articulated in Florence.  Id.

**B.   Basis for Defendants' Appeal**

Defendants now appeal Judge Schneider's November 13, 2012 "Memorandum Opinion and Order on the basis that [Plaintiffs'] proposed amended complaint is futile in light of Florence." (Mem. of Law in Supp. of Appeal of Magistrate's Order Granting Pls.' Mot. for Leave to File and Serve the Proposed Am. Compl. [Doc. No. 74-1] (hereinafter, "Defs.' Mem."), 2.)  Defendants

12

contend that Judge Schneider "misapplied and misinterpreted the Supreme Court's holding in _Florence_ so as to grant" Plaintiffs' motion to amend.  _Id._ at 3.  In so arguing, the Court construes Defendants' appeal to challenge Judge Schneider's decision solely on the basis that it was contrary to law.  _See_ _Gunter_, 32 F. Supp. 2d at 164 (observing that a ruling is "contrary to law if the magistrate judge has misinterpreted or misapplied applicable law.").

Defendants assert that in order to grant Plaintiffs' motion to amend, Judge Schneider's "analysis of the _Florence_ decision had to include a finding that there is an exception to a visual search of inmates[.]"  _Id._ at 5.  Defendants argue, however, that in finding such an exception existed, Judge Schneider reviewed the Supreme Court's "'fractured'" ruling and based his conclusion on the concurring opinion of Justice Alito which was improper because "no concurring opinion is superior to the decision of the court or any other concurrence[.]"  _Id._ at 5-6 (citing _Rappa v. New Castle County_, 18 F.3d 1043, 1058 (3d Cir. 1994)).

Defendants specifically take issue with Judge Schneider's finding that a minimum of five justices did not endorse a blanket rule that all persons may be strip searched after they are arrested, arguing that this "does not equate to an exception to the _Florence_ holding."  _Id._ at 7.  Moreover, Defendants contend that Judge Schneider's ruling does not create a limiting

exception to <u>Florence</u>, but actually results in a situation where the issue of "whether a visual search is deemed reasonable could still be subject to a fact specific analysis, provided the detention was not reviewed by a judicial officer and the individual could be held in available facilities apart from the general population of the correctional facility."   <u>Id.</u>

**C.   Defendants' Failure to Meet their Burden on Appeal**

While all parties here agree that the Supreme Court's opinion in <u>Florence</u> controls, they strongly disagree as to the breadth of the Supreme Court's holding.   (<u>See</u> Defs.' Mem. 3.) Defendants specifically contend on appeal that Judge Schneider misapplied or misinterpreted the <u>Florence</u> decision in granting Plaintiffs' motion to amend.   (<u>Id.</u>)   Thus, the cornerstone of this appeal is Judge Schneider's finding that the <u>Florence</u> decision essentially left open the possibility of an exception for strips searches that are conducted on "minor offenders" who are not housed in the general population and whose detention has not yet been reviewed by a judge.

The success of Defendants' appeal essentially rises and falls on this issue because Defendants do not otherwise challenge Judge Schneider's conclusions that the facts alleged in Plaintiffs' amended complaint, when excepted as true, fall within

the ambit of the exception Judge Schneider found exists.[5]  Upon
consideration of this appeal, the Court finds that Defendants
have only partially met their burden to demonstrate that Judge
Schneider's Memorandum Opinion and Order granting leave to amend
misapplied or misinterpreted the <u>Florence</u> decision and thus was
contrary to law.  This Court agrees with Judge Schneider that the
Supreme Court's opinion in <u>Florence</u> leaves open the possibility
of a narrow exception restricting the ability of corrections
officials to strip search certain arrestees.  And this Court also
agrees that these plaintiffs have pled sufficient facts to state
a plausible claim within that exception.

Although Defendants broadly characterize the <u>Florence</u>
decision as defining the group of person subject to a visual

---

[5] Several of Defendants' arguments on appeal attempt to
raise factual disputes with respect to the accuracy of the
allegations pled in the amended complaint and refer the Court to
correctional facility records for support.  (<u>See</u> Defs.' Mem. 8-
11.)  Defendants' raised virtually identical arguments before
Judge Schneider.

It is unnecessary for the Court address each of these
argument in detail here, except reiterate, as Judge Schneider
previously found, that resolution of these factual disputes is
not proper under the Rule 12(b)(6) standard implicated by
Defendants' futility argument and are more appropriately raised
on summary judgment.  <u>See, e.g.</u>, <u>United States v. Albinson</u>, No.
09-1791, 2010 WL 3258266, at *17 (D.N.J. Aug. 16, 2010) (noting
that if defendant "wishes to dispute the Amended Complaint's
factual contentions a motion to dismiss is not the proper
vehicle" and such challenges should be raised in the context of a
motion for summary judgment); <u>Strzakowlski v. General Motors
Corp.</u>, 04-4740, 2005 WL 2001912, at *6 (D.N.J. Aug. 16, 2005)
(noting that defendant's argument "speaks to a factual issue" and
"[a]s such, it cannot be resolved on the pleadings during a
motion to dismiss for failure to state a claim.")

search as all "'arrested persons' and 'every detainee[,]" (see
Defs.' Mem. 3), Defendants rely on a selective reading of the
Supreme Court's opinion, and emphasize these terms out of
context.  From the outset, thought, the Supreme Court fashioned
its opinion in <u>Florence</u> to avoid resolving the broad issue of
whether all persons may be strip searched after they are
arrested.  For example, from its beginning paragraphs, the
<u>Florence</u> opinion classifies the specific issue before the Supreme
Court as follows: "in broad terms, th[is] controversy concerns
whether every detainee *who will be admitted to the general
population* may be required to undergo a close visual inspection
while undressed."  132 S. Ct. at 1513 (emphasis added).  The
Supreme Court went on to note that it granted certiorari to
address the "differing conclusions" reached by the Federal Courts
of Appeals "as to whether the Fourth Amendment requires
correctional officials to exempt some detainees *who will be
admitted to a jail's general population* from the searches here at
issue."  <u>Id.</u> at 1515 (emphasis added).

     In two more instances in the <u>Florence</u> opinion, the Supreme
Court again recognized the specific context of the strip search
issue before it: (1) "The case proceeds on the understanding that
the officers searched detainees *prior to* their *admission to the
general population*[;]" <u>see</u> <u>id.</u> (emphasis added); and (2)
corrections officials "offer significant reasons why the

16

Constitution must not prevent them from conducting the same search on any suspected offender *who will be admitted to the general population* in their facilities." Id. at 1522 (emphasis added).  These reiterations provide context regarding the strip searches the Supreme Court examined and implicitly make clear that the Florence opinion did not resolve the broader issue of whether all arrestees may be strip searched.  Rather, Florence limited its own reach by repeatedly framing the question with respect to arrestees who will be admitted to the general population.  See id. at 1513, 1515, 1522.  This alone demonstrate that the Florence holding is not as all encompassing as Defendants contend.

Defendants further argue that in circumstances where the Supreme Court issues a "fractured" ruling which does not enjoy the endorsement of a majority of Justices, such as in Florence, the Court must employ an analysis under Marks v. United States, 430 U.S. 188 (1977) and Jackson v. Danberg, 594 F.3d 210 (3d Cir. 2010) to determine the Supreme Court's holding.  (Defs.' Mem. 6.) Defendants point out that under Marks, "the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds[.]"  430 U.S. at 193; (see Defs.' Mem. 6.).  Defendants thus argue that Justice Alito's concurring opinion in Florence cannot be considered as superior to the decision of the Supreme Court as a whole or as to

17

any other concurrence.  (Defs.' Mem. 6.)

Despite Defendants' argument that Judge Schneider gave too much weight to Justice Alito's concurrence and that his concurrence does not constitute part of the majority opinion under Marks and Jackson, Defendants' argument is unavailing.  As another court in this District recently concluded "the majority opinion became the majority opinion when Justice Alito joined it expressly because a potential exception was identified[.]"  Allen v. Union County, et al., 2:08-cv-00711-KSH-CLW, Op. [Doc. No. 96] 8, Feb. 26, 2013.  A close read of Justice Alito's concurrence appears to demonstrate that had such an exception or limitation not been identified, Justice Alito would not have joined in the opinion leading to a dramatically different result in Florence.[6] Thus, as Allen points out, Justice Alito's concurrence identifies a limitation and a potential exception to the Florence holding without which Justice Alito would not have joined the opinion of

_____

[6] Justice Alito's concurrence begins as follows: "I join the opinion of the Court but emphasize the limits of today's holding. The Court holds that jail administrators may require all arrestees *who are committed to the general population of a jail* to undergo visual strip searches not involving physical contact by corrections officers."  Florence, 132 S. Ct. at 1524 (emphasis in original).

His concurrence concludes by expressly stating that the "Court does not address whether it is always reasonable, without regard to the offense or the reason for detention, to strip search an arrestee before the arrestee's detention has been reviewed by a judicial officer.  The *lead opinion explicitly reserves judgment on that question.  In light of that limitation, I join the opinion* of the Court in full."  Id. at 1525 (emphasis added).

the majority.  Therefore, Justice Alito's concurrence may be viewed as the narrowest grounds upon which the majority opinion is founded.

Additionally, Part IV of the _Florence_ opinion, which was joined by four Justices,[7] expressly recognizes that "[t]his case does not require the Court to rule on the types of searches that would be reasonable in instances where, for example, a detainee will be held without assignment to the general population and without substantial contact with other detainees."  _Id._ at 1522. Part IV goes on to further acknowledge that "[t]he circumstances before the Court, however, do not present the opportunity to consider a narrow exception of the sort Justice Alito describes, ..., which might restrict whether an arrestee whose detention has not yet been reviewed by a magistrate or other judicial officer and who can be held in available facilities removed from the general population, may be subjected to the types of searches at issue here."  _Id._ at 1523.

Similarly, the four dissenting Justices[8] explicitly agreed with Justice Alito that "this case does not address, and 'reserves judgment on,' whether it is always reasonable 'to strip search an arrestee before the arrestee's detention has been reviewed by a judicial officer.'"  _Id._ at 1531-32.  The four

---

[7] Chief Justice Roberts and Justices Kennedy, Scalia, and Alito joined in Part IV of the _Florence_ opinion.

[8] Justices Breyer, Ginsburg, Sotomayor, and Kagan dissented.

dissenting Justices further explained that "[i]n an appropriate case, therefore, it remains open for the Court to consider whether it would be reasonable to admit an arrestee for a minor offense to the general jail population, and to subject her to the 'humiliation of a strip search,' prior to any review by a judicial officer." Id. at 1532.  It thus appears to the Court here that eight of the nine Justices in Florence recognized the limited and particularized nature of that ruling and did not endorse an across-the-board rule that it is constitutional to strip search all persons after they are arrested.[9]

Several other federal courts have similarly interpreted Florence as embracing an exception – albeit one whose precise contours are undefined at this point in time.  See, e.g., Allen, Op. [Doc. No. 96] at 8-10 (D.N.J. Feb. 26, 2013) (granting plaintiff's motion to amend in light of Florence, concluding that Florence does "not endorse a blanket rule that all persons may be strip searched after they are arrested" and finding that "plaintiff's allegation is articulated to fall within the ambit

_____

[9] In a non-precedential opinion, the Third Circuit recently described the Supreme Court's holding in Florence as follows: "Florence held that it is constitutional to conduct a full strip search of an individual detained in the general population of a jail, regardless of the reason for detention or the existence of reasonable suspicion that the individual is concealing something." Small v. Wetzel, No. 12-3228, 2013 WL 2479599, at *3 (3d Cir. June 11, 2013).  The Third Circuit's recent description of Florence lends further support to the Court's conclusion that the Supreme Court did not endorse a blanket rule regarding the constitutionality of strip searches of all arrestees.

of an exception to the blanket strip search policy that the
Supreme Court identified" in _Florence_); _Ellsworth v. Wachtel_, No.
1:11-CV-0381, 2013 WL 140342, at *5 (N.D.N.Y. Jan. 11, 2013)
(observing that "[t]he Majority in _Florence_ (along with both
Concurrences and the Dissent) emphasized that this was a narrow
holding and that the rule announced therein might not apply to
arrestees who were not going to be introduced to the general jail
or prison population" and finding _Florence_ did not govern the
strip search at issue because the plaintiff was not searched
prior to her introduction into a general jail population, thus
bringing the search with the exception); _Banaei v. City of_
_Evanston_, No. 10 C 6966, 2012 WL 4892414, at *4 (N.D. Ill. Oct.
11, 2012) (noting in dicta that _Florence_ did "not decide the
question of whether an arrestee who has not first been before a
judge or magistrate and who is not being placed with other
inmates may be strip searched as a matter of routine practice.");
_Cf._ _Flonder v. Sheriff of Kankakee County_, No. 12-2115, 2012 WL
4321714, at *6 (C.D. Ill. Aug. 31, 2012) (recognizing that the
"Supreme Court expressly reserved the issue of whether its
holding in _Florence_ may be applied in circumstances" where
plaintiff was "detained after a warrantless arrest, and had not
had an initial appearance prior to being strip searched.")

Where this Court parts company with Judge Schneider is the
potential scope of the exception articulated by Justice Alito.

The plaintiff in <u>Florence</u> was arrested pursuant to a warrant. While the majority opinion doesn't expressly rely on that fact in reaching its decision it is an undisputed fact in the case. In Part IV of Justice Kennedy's decision, joined by Justices Alito and Scalia, and the Chief Justice, he leaves to another day whether an exception might exist for "an arrestee whose detention has not yet been reviewed by a magistrate or other judicial officer ...".  This phrase follows a citation to, and very brief discussion of, the Supreme Court's decision in <u>Atwater v. City of Lago Vista</u>, 532 U.S. 318 (2001).

   <u>Atwater</u> was, of course, a case which expanded police powers to make warrantless arrests.  This Court views Part IV of Justice Kennedy's opinion as an acknowledgment of the general concern, expressly noted by the dissent, that the broader the powers of warrantless arrests for minor offenses the greater the scrutiny that Court may apply in the future to pre-trial detention standards. See generally, Catherine T. Struve, *The Conditions of Pretrial Detention,* 161 U. PENN. L. REV. 1009, 1052-53 (noting interplay between broad warrantless arrest powers and the standards of pretrial detention)(citing Julian Simcock, Note, Florence*, Atwater*, *and the Erosion of Fourth Amendment Protections for Arrestees*, 65 STAN. L. REV. 599, 621 (2013)). Arguably, such concerns do not exist when the arrest is made pursuant to a judicially authorized warrant.  It could be fairly

said that such a person is "an arrestee whose detention has []...
been reviewed by a magistrate or other judicial officer ..."
Although *ex parte* and the determination made before and not after
an arrest, an arrest warrant represents a judicial determination
of probable cause to arrest.  Moreover, it is the very nature of
an arrest warrant to command that the named party be detained.
That is precisely what an "arrest" is.  This view comports with
the concurrence of the Chief Justice who expressly noted
"Florence was detained not for a minor traffic offense but
instead pursuant to a warrant for his arrest." Florence, 132
S.Ct. at 1523 (Roberts, C.J., concurring).

        The problem, of course, stems from Justice Alito's
concurrence.  Unlike the Chief Justice, Justice Alito does not
expressly address the issue of a warrant.  He simply and
ambiguously (intentionally or not) refers to "an arrestee whose
detention has not been reviewed by a judicial officer." Id. at
1524.  If he intended to refer to a warrantless arrest, then the
exception he describes in Florence would presumably be limited to
such situations.  If, on the other hand, he meant the post-arrest
review by a judge in the context of an initial appearance or
similar hearing even when the arrest was made pursuant to a valid
warrant, then he, most certainly joined by the four dissenters,
has carved out a broader exception to Florence that a simple
reference to Atwater would suggest.  Judge Schneider, in his

well-reasoned and thorough analysis of <u>Florence</u>, clearly believed

Justice Alito intended the latter.  We are not so sure.

There are several reasons why we take this view.  First, the

contrary view reads the word "continuing" into Justice Alito's

concurrence and we assume that if he had meant that he would have

simply said it.[10]  The concept of "continuing" in the context of

an arrest, seizure, or detention exists in the evolving

jurisprudence in this area.  See Struve, 161 U. PENN. L. REV. at

1019-20.  Second, like Chief Justice Roberts does in his

concurrence, Justice Alito cites to the precise page numbers of

Justice Kennedy's discussion of <u>Atwater</u>.  Third, if Justice Alito

intended to convey a broader exception it is not clear why he

would not have joined the dissent.  Mr. Florence was arrested in

essence for failure to appear at a hearing to enforce a fine and

as soon as he appeared before a judge it was determined that he

had previously paid the fine and the warrant was stale.  It is

hard to imagine a better set of circumstances in which to adopt a

rule that a person arrested pursuant to a warrant for a minor

offense must first appear before a judge to review their

"continued" post-arrest detention before they can be strip

searched.  Yet Justice Alito does not articulate such a rule and

by his concurrence provides no such relief to Mr. Florence who

---

[10] We recognize that he could also have used the phrase "warrantless arrest" and did not.

would have clearly benefitted if such a rule had existed before his detention.  Fourth, a rule that directs a jailer to put aside the existence of a warrant and to grade offenses based on some vague notion of "minor" as opposed to "not minor" invites the kind of uncertainty and presents the kinds of security concerns which motivated the Court's holding in <u>Florence</u> in the first place.  For better of worse, and this Court is bound to follow it, the <u>Florence</u> decision on whole, of which Justice Alito was a concurring part, clearly set a bright line rule easily enforceable and uniformly applied.  The existence of a warrant would only serve as a corollary to that certainty and uniformity. In sum, we are not convinced that Justice Alito would treat warrantless arrests and arrests pursuant to warrant the same and even less so that in the latter circumstance he would require both a belt and suspenders.

    All this having been said, we need not address this issue with any finality as this stage of the proceedings.  We recognize that reading the tea leaves of concurrences and plurality decisions is more art than science and one of the dangerous arts to boot.  Whatever the contours and meaning of Justice Alito's concurrence may be, both of these Plaintiff's contend that they either were held, or could have been held, outside the general population.  That fact alone, if proven, would place them within an exception to <u>Florence</u>.  If, and only if, that fact is

established need we address the issue of whether the presence of the warrants in this case is a dispositive fact.

Accordingly, the Court finds that Defendants have failed to demonstrate that Judge Schneider erred in granting Plaintiffs' motion for leave to amend.  With the exception of this Court's reservation on the issue discussed above, Judge Schneider's decision is generally consistent with <u>Florence</u> and the subsequent opinions of other federal courts, and properly recognized that Plaintiffs' factual assertions, taken as true, state a plausible claim for relief within the ambit of the exception carved out by the Supreme Court in <u>Florence</u>.  Therefore, to the extent Judge Schneider's November 13, 2012 Memorandum Opinion and Order allows the claims in this case to be amended it will be affirmed.

**V.   <u>CONCLUSION</u>**

For the reasons expressed above, Defendants' appeal of Judge Schneider's November 13, 2012 Memorandum Opinion and Order is denied, and Judge Schneider's ruling granting Plaintiffs' motion to amend is affirmed in part and reversed in part.  An Order consistent with this Opinion will be entered.


Dated: June 30, 2013                     s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.