[Doc. No. 329]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

TAMMY MARIE HAAS and CONRAD
SCZCPANIAK, Individually and
on behalf of a Class of
Similarly Situated Individuals

        Plaintiffs,

  v.

BURLINGTON COUNTY, et al.,

        Defendants.

Civil No. 08-1102 (NLH/JS)

**O R D E R**

This matter is before the Court on the "Motion to Seal" ("motion") [Doc. No. 329] filed by plaintiff, Tammy Marie Haas ("plaintiff"). Plaintiff seeks to seal the transcript of the proceedings held on March 13, 2017 before this Court [Doc. No. 322]. The Court received opposition from counsel for co-plaintiff, Conrad Szczpaniak [Doc. No. 332]. The Court exercises its discretion to decide the motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, plaintiff's motion is DENIED.

It is well-established there exists "a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). Thus, a party seeking to seal information associated with a judicial proceeding must demonstrate "good cause." Securimetrics, Inc. v.

1

Iridian Techs., Inc., C.A. No. 03-4394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). Good cause requires "a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" Id. (quoting Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)).

In this District, motions to seal are governed by Local Civil Rule 5.3(c) which requires the moving party to describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. In particular, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" cannot satisfy the required showing of "clearly defined and serious injury." Pansy, 23 F.3d at 786 (citation omitted). Furthermore, "it is well-settled that a party's classification of material as protected or confidential does not automatically satisfy the criteria for sealing pursuant to Local Civil Rule 5.3." In re: Benicar (Olmesarten) Prods. Liab. Litig., C.A. No. 15-2606 (RBK/JS), 2016 WL 266353, at *67 (D.N.J. Jan. 21, 2016).

The Court now turns to plaintiff's motion. Plaintiff seeks to seal the entirety of the transcript from the March 13, 2017 hearing before this Court. The March 13, 2017 hearing concerned, among other matters, plaintiff's "Motion for Leave to Appear Pro Hac

2

Vice" [Doc. No. 276] seeking admission of Susan Chana Lask, Esq.[1] Plaintiff contends the transcript "references confidential information concerning an ethics grievance in New Jersey" involving Ms. Lask. Longo Decl. at ¶ 4. Plaintiff avers that the information is confidential in nature and "no less restrictive alternative is available to prevent the defined and serious injury to plaintiff and counsel for plaintiff." Mot. at ¶ 8. In an opposition letter filed by counsel for co-plaintiff Conrad Szczpaniak, counsel contends there is no basis to seal any portion of the transcript because the information was required to be disclosed as part of Ms. Lask's application to be admitted pro hac vice. October 9, 2017 Opposition Letter [Doc. No. 332].

The Court has reviewed the subject transcript and the Declaration of Sonya M. Longo, Esq. ("Longo Decl.") [Doc. No. 329-1] filed in support of the motion. The Court concludes that plaintiff fails to meet her burden under L. Civ. R. 5.3 and the applicable case law. This is so because plaintiff seeks to seal information that is already part of the public record as it was filed on the public docket. For example, plaintiff discusses the New Jersey ethics grievance she seeks to maintain as confidential in her own papers submitted in support of the application for admission pro hac vice. See Pl.'s Rep. Br. [Doc. No. 288] at 10-13. Importantly, plaintiff did not file those documents under

---

[1] The Court granted plaintiff's motion with conditions and Ms. Lask was admitted pro hac vice. [Doc. No. 297].

3

temporary seal nor did she seek to seal them at any time. When information has previously been made available to the public, sealing such information is not appropriate. See Lopez-Siguenza v. Roddy, C.A. No. 13-2005 (JBS/JS), 2016 U.S. Dist. LEXIS 69553, at *16 (May 27, 2016)(denying a motion to seal when the information sought to be redacted had already been disclosed in the Court's previous opinion). Accordingly, there is no basis for redacting and sealing the requested information pursuant to L. Civ. R. 5.3 and the applicable case law. There is no legitimate public or private interest which warrants the relief sought nor is there any clearly defined and serious injury that would result if the motion is not granted. The information plaintiff seeks to seal was filed on the docket and became publicly available before the hearing at issue even occurred.

Accordingly, for the foregoing reasons,

IT IS HEREBY ORDERED this 11th day of May, 2018, that plaintiff's "Motion to Seal" [Doc. No. 329] is DENIED; and it is further

ORDERED that the Clerk of the Court is directed to unseal the subject transcript [Doc. No. 322].

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge