**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

TAMMY MARIE HAAS and CONRAD
SZCZPANIAK, individually and
on behalf of a class of
similarly situated
individuals,

        Plaintiffs,

    v.

BURLINGTON COUNTY, et al.,

        Defendants.

Civil No. 08-1102 (NLH/JS)

**OPINION**

---

**APPEARANCES**:

CARL D. POPLAR
CARL D. POPLAR, P.A.
1010 KINGS HIGHWAY SOUTH
BUILDING ONE
CHERRY HILL, NJ 08034

WILLIAM A. RIBACK
WILLIAM RIBACK, LLC
132 HADDON AVENUE
HADDONFIELD, NJ 08033

DAVID J. NOVACK
BUDD LARNER, PC
150 JOHN F. KENNEDY PARKWAY
CN1000
SHORT HILLS, NJ 07078-0999

*Attorneys for Plaintiffs Tammy Marie Haas and Conrad Szczpaniak, individually and on behalf of a class of similarly situated individuals.*

EVAN H.C. CROOK
CAPEHART & SCATCHARD, P.A.
142 WEST STATE STREET

TRENTON, NJ 08608

*Attorneys for Defendants Burlington County, Burlington County Correctional Facility, and Ronald Cox.*

**HILLMAN, District Judge:**

As the Court writes primarily for the parties, who are undoubtedly familiar with the facts and procedural history of this ten-plus-year-old case, the Court sets forth only those facts necessary to deciding the present motions before it.

This Court is called upon to resolve three motions, all relating to how the attorneys' fees and costs previously approved by this Court will be apportioned amongst Class Counsel.[1] After Class Counsel could not agree upon how to divide the fee awarded, they submitted dueling fee applications asking the Court to decide the issue for them. (Docket Nos. 364 and 366). This Court referred those motions to Magistrate Judge Joel Schneider for issuance of a report and recommendation on the appropriate division of fees amongst counsel (the "Report and Recommendation" or "R&R"). (Docket No. 441). Attorney Carl D. Poplar has lodged objections to the Report and Recommendation, which the Court now addresses. (Docket No. 442).

---

[1] There are two groups of class counsel involved in this case. The first group includes Carl Poplar and William Riback ("Poplar Group") while the second group includes Attorneys David Novack and Susan Lask ("Novack Group"). Collectively, the Court refers to these two groups as "Class Counsel[.]"

2

I. <u>Background</u>

In this long-standing class action, Plaintiffs allege that their constitutional rights were violated when they were strip searched at the Burlington County Jail in or around 2006 and 2008. After this Court granted class certification, the parties resolved this matter by way of settlement, which the Court approved on January 31, 2019. (Docket No. 356; Docket No. 383).

In addition to the $1,475,000 settlement fund established as part of the global resolution, Defendants agreed to pay $900,000 in attorneys' fees and an additional $25,000 in costs. Thereafter, pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, Class Counsel applied to the Court for an award of attorneys' fees and costs. In rendering final approval of the settlement, this Court analyzed Class Counsel's fee application and determined that an award of $925,000, inclusive of fees and costs, was reasonable under the circumstances. (Docket No. 382 at 21-25).

Thereafter, at the urging of the Court, the parties entered into negotiations about how they would share the fee award. Due to disagreements regarding allocation, Magistrate Judge Schneider mediated with the parties in an effort to facilitate a resolution. Despite Magistrate Judge Schneider's efforts, counsel could not reach an agreement.

On May 3, 2019, Magistrate Judge Schneider issued a non-binding, comprehensive report recommending to the parties an allocation for the $925,000 in attorneys' fees and costs. (Docket No. 395). After meticulously explaining the basis for his recommendation, Magistrate Judge Schneider recommended the Poplar Group receive 82.5% of the $900,000 fee ($742,500) plus $20,068 in costs, while the Novack Group receive 17.5% of the fee ($157,500) plus $4,931.20 in costs. (Docket No. 395 at 22).

With the benefit of Judge Schneider's written analysis, on May 15, 2019, this Court held a settlement conference in a further attempt to resolve the disputes plaguing Class Counsel. While progress was made towards a resolution, no settlement was ever reached. (Docket No. 430).

After it was clear the parties were unable to mediate or otherwise resolve their disagreements, on August 27, 2019, this Court ordered that the May 3, 2019 report be reissued as a report and recommendation consistent with the Federal and Local Civil Rules. (Docket No. 440). The formal Report and Recommendation was filed by Judge Schneider on September 3, 2019. (Docket No. 441).

On September 17, 2019, Mr. Poplar filed objections to the Report and Recommendation. No other objections have been lodged. See (Docket No. 443).

II. <u>Summary of Findings Contained in the Report and Recommendation</u>

The Report and Recommendation comprehensively explains the reason for recommending the allocation of fees as it does. Judge Schneider analyzes the time expended by the Poplar Group and the Novack Group and assesses the value-added by that time spent. Following that analysis, the Report and Recommendation concludes that the Poplar Group did "virtually all of the meaningful substantive work in the case[,]" including drafting the original complaint, taking and defending all depositions, pursuing all written discovery, and participating in various mediations. (R&R at 12-13, 17). The Report and Recommendation further explains that the Poplar Group litigated this case for 18 years, while the Novak Group only spent 4 years involved in this case. (R&R at 20). For that reason, the Report and Recommendation assigns a large amount of credit to the Poplar Group: 82.5% of the fee award.

At the same time, however, the Report and Recommendation explains that one of the named-plaintiffs, Ms. Haas, ultimately fired the Poplar Group and refused to proceed with them as her counsel, putting the entire litigation at risk. (R&R at 19-20). Enter the Novak Group. With the Novak Group as her counsel, Plaintiff Haas returned to the settlement negotiations and this matter ultimately resolved — something that likely would not

have occurred absent the Novak Group's assistance.  Therefore, the Report and Recommendation gives the Novak Group credit for procuring Plaintiff Haas's involvement in the greater settlement.  For their efforts, the Report and Recommendation assigns the Novak Group 17.5% of the fee award.

### III. Mr. Poplar's Objections to the Report and Recommendation

Mr. Poplar takes no issue with the legal standard used in analyzing the allocation of fees amongst counsel,[2] and instead objects to the Report and Recommendation's allocation as failing to assign him enough credit for the work the Poplar Group completed.  More specifically, Mr. Poplar argues that the Poplar Group did nearly all of the relevant work in this case, and that the Novak Group did little to deserve the fee the Report and Recommendation assigns to it.  Mr. Poplar argues that the Novak Group's involvement in this case caused substantial delay in this litigation and otherwise added to the cost of pursuing this action.  Mr. Poplar also argues that the Novack Group submitted inflated or incredible fee applications to this Court.  Therefore, Mr. Poplar asks this Court to award him more than the 82.5% of the $900,000 fee award the Report and Recommendation suggests; instead, Mr. Poplar asks this Court to award the

---

[2] Mr. Poplar offers no citation to any case or statute suggesting a legal analysis different from the one used by Judge Schneider.

6

Poplar Group 100% of the fee award, and award nothing to the Novack Group.[3]

## IV. Standard of Review Governing Magistrate Judge Appeals and Objections to a Report and Recommendation

In light of the unique procedural posture of this action, the appropriate standard of review to be applied by this Court in reviewing the Report and Recommendation requires some discussion.[4]

Pursuant to 28 U.S.C. § 636(b)(1)(A), a United States Magistrate Judge may "hear and determine any [non-dispositive] pretrial matter pending before the court[.]" 28 U.S.C. § 636(b)(1)(A). "Following a magistrate judge's issuance of an order on a non[-]dispositive matter, the parties may serve and file objections to the order within 14 days of being served with a copy of the order." EEOC v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (citing Fed. R. Civ. P. 72(a)). If a party

---

[3] The Court also notes Mr. Poplar's request that sanctions issue against the Novak Group and that the Court revoke Attorney Lask's pro hac vice admission. (Docket No. 442 at 16-20). In light of this Court's decision to accept Judge Schneider's Report and Recommendation, sanctioning the Novak Group, which accepts the conclusions of the R&R, is unwarranted. As set forth infra, the Order granting Attorney Lask pro hac vice admission in this matter was entered by Judge Schneider. Assuming the issue is still ripe after the issuance of this Opinion and accompanying Order, the decision to revoke or confirm that Order is, in the first instance, for Judge Schneider and not this Court.

[4] Mr. Poplar takes no position on what standard should apply.

7

objects to a magistrate judge's order regarding a non-dispositive matter, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id. (quoting 28 U.S.C. § 636(b)(1)(A)); L. Civ. R. 72.1(c)(1)(A).  Under this standard, "[a] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Wyeth v. Abbott Labs., 692 F. Supp. 2d 453, 455 (D.N.J. 2010) (citing Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004)).  A ruling is "contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998).  The "burden is on the moving party to demonstrate that the magistrate judge's finding is clearly erroneous or contrary to law." Exxon Corp. v. Halcon Shipping Co., 156 F.R.D. 589, 591 (D.N.J. 1994).

Separately, if the subject matter of the report and recommendation is instead a dispositive matter, the Court must conduct a de novo review of all portions of the report objected to.  United States Magistrate Judges may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition [of a dispositive issue.]" City of Long Branch, 866

8

F.3d at 99; 28 U.S.C. § 636(b)(1)(B). When a magistrate judge issues findings pursuant to 28 U.S.C. § 636(b)(1)(B), "the magistrate [judge] shall file [their] proposed findings and recommendations under subparagraph (B) with the court" by way of report and recommendation. Id.; 28 U.S.C. § 636(b)(1)(C). The parties may then object to the magistrate judge's findings and recommendations. Id.; 28 U.S.C. § 636(b)(1)(C). Once objections are made, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); City of Long Branch, 866 F.3d at 99. After so doing, a judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1)(C).

The topic addressed by the Report and Recommendation is the division, amongst Class Counsel, of a negotiated lump sum of attorneys' fees and costs previously approved by the Court. Whether the issue of awarding attorneys' fees is dispositive or non-dispositive appears unresolved in this District and this Circuit. The Court believes that there is much to support a conclusion that it is not dispositive. As noted, while the award required the approval of the Court, it was not a contested issue requiring resolution by a jury or the Court. Rather, it came before the Court as part of a mediated class action

9

settlement. As such, the Court's resolution of the remaining issue of allocation does not affect the amount or certainty of the Court's final judgment. However, out of caution, the Court will apply the higher standard of review and conduct a de novo review of the portions of the Report and Recommendation objected to. See City of Long Branch, 866 F.3d at 99.

V. Analysis

"Attorney fee allocation is an unenviable task for any court. It is a difficult matter that, frankly, even the trial court is often not in the best position to decide." In re Diet Drugs Prods. Liab. Litig., 401 F.3d 143, 168 (3d Cir. 2005) (quoting In re Copley, 50 F. Supp. 2d 1141, 1148 (D. Wyo. 1999)). Courts largely prefer that class counsel resolve any allocation matters amongst themselves. See id.

To the extent a stipulation is not possible, allocation of attorneys' fees is left to the discretion of the trial court. See Lucero v. Trinidad, 815 F.2d 1384, 1386 (10th Cir. 1987); see also In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d 295, 309 (5th Cir. 1995) (explaining that when reviewing a district court's allocation of fees among multiple counsel, the trial court's latitude is "extremely broad"). As stated by the Tenth Circuit: "An award of attorneys' fees is a matter uniquely within the discretion of the trial judge who 'has intimate knowledge of the efforts

expended and the value of the services rendered.'" Brown v. Phillips Petroleum Co., 838 F.2d 451, 453 (10th Cir. 1988) (quoting United States v. Anglin & Stevenson, 145 F.2d 622, 630 (10th Cir. 1944)).  Indeed, Mr. Poplar acknowledges the Court "is in the best position . . . to make an allocation recommendation because [it] participated in many aspects of the case and was an eye[-]witness to court activity."  (Docket No. 442 at 1).

After conducting a de novo review of the record, the applicable law, and the portions of the Report and Recommendation Mr. Poplar objects to, this Court reaches the same conclusions as Judge Schneider.  The Court agrees with the Report and Recommendation in its entirety and hereby adopts by reference the factual and legal findings contained in it.  The Court will not repeat here the analysis conducted in the Report and Recommendation, but formally indicates that it incorporates it by reference and adopts it as its own.  Likewise, in conducting its de novo review, the Court reaches the same decision regarding allocation as the Report and Recommendation. As to fees, the Court will award $742,500 to the Poplar Group and $157,500 to the Novack Group.  As to costs, the Court will award $20,068.80 to the Poplar Group and $4,931.20 to the Novack Group.

For the benefit of the parties, the Court writes to elaborate upon its discretionary decision. Time records submitted by the parties clearly indicate that the Poplar Group initiated this case and have spent more than ten (10) years litigating it. Time records submitted by the Poplar Group begin on January 17, 2008 and indicate that it drafted all initial pleadings, engaged in meaningful written discovery, drafted amended pleadings, took and defended numerous depositions, took lead-roles in communicating with the Court, advanced arguments on class certification, handled dispositive motion practice, and engaged in settlement negotiations. See (Docket No. 364-1). This Court personally observed the lead role the Poplar Group took in preparing this matter for trial, and as a result of that lengthy and comprehensive preparation, placing the case in the best possible position for a settlement beneficial to the class and the public interest. For that, this Court assigns to the Poplar Group a large amount of credit.

There are, however, two sides to every story. The record before this Court unequivocally shows, and this Court recalls vividly, that the Poplar Group was fired by Plaintiff Haas in 2016, at which point the Novak Group became involved in this case. Plaintiff Haas refused to proceed with her case under the Poplar Group's counsel and this Court expressed its frustration

over the slow pace of the resolution of the case and the impact it might have on the class.

From 2016 through settlement, the Novak Group worked to ensure Plaintiff Haas' continued involvement in this case, which contributed, at least in part, to its overall resolution. While a review of the time records submitted by the Novack group certainly indicate it had less involvement in this case than the Poplar Group, the Novack Group's contributions are not worthless, as Mr. Poplar seems to suggest. Indeed, in light of the disruption caused by the breakdown in the relationship with Plaintiff Haas,[5] the work of the Novak Group was a necessary component of the final resolution of the case for all class members. As such, this Court credits the Novack Group accordingly. They, like the Poplar Group, should be compensated fairly for their efforts on behalf of Plaintiff Haas, the absent class members, and as officers of the court to seek a fair resolution of a matter of significant public interest.

---

[5] The Court recognizes that Attorneys Poplar and Riback contend that the breakdown of the relationship with Plaintiff Haas was caused by others and not by any impropriety on their part. Nothing in this Opinion should be taken to state or suggest that Poplar or Riback did in fact act improperly in this matter or in the relationship with Plaintiff Haas. That having been said, the Court ultimately approved Mr. Novak as substitute counsel for Plaintiff Haas.

VI. <u>Impact of Mr. Poplar's Motion to Vacate Pro Hac Vice Admission of Attorney Lask</u>

By way of separate motion, Mr. Poplar asks this Court to revoke Attorney's Lask's <u>pro</u> <u>hac</u> <u>vice</u> admission.[6] (Docket No. 438). Related to that application, Mr. Poplar argues in his objections to the Report and Recommendation that the Motion to Terminate Attorney's Lask's <u>pro</u> <u>hac</u> <u>vice</u> admission should be decided prior to issuance of this decision. The Court disagrees.

The parties know well the procedural history of this case as it relates to Ms. Lask's applications to appear <u>pro</u> <u>hac</u> <u>vice</u>. Ultimately, it was Judge Schneider and not the undersigned who granted Ms. Lask's <u>pro</u> <u>hac</u> <u>vice</u> application, and therefore, it should be Judge Schneider who adjudicates whether to revoke it. <u>See</u> (Docket No. 297).

Moreover, the Court notes that Mr. Novak is the Novack Group lawyer appointed counsel for Plaintiff Haas, not Ms. Lask. (Docket No. 297, ¶11). The Court finds that the status of Ms.

---

[6] The Court notes that on September 23, 2019, the Novack Group filed a Cross-Motion to Terminate Attorney Lask's <u>pro</u> <u>hac</u> <u>vice</u> admission, seeking in essence to withdraw her <u>pro</u> <u>hac</u> <u>vice</u> admission. (Docket No. 444). This Court leaves to Judge Schneider whether the Novack Group's Cross-Motion coupled with the findings and determinations in this Opinion moot Mr. Poplar's Motion to Terminate Attorney Lask's <u>pro</u> <u>hac</u> <u>vice</u> admission (Docket No. 438). Once Judge Schneider resolves the pending motions relating to Ms. Lask's <u>pro</u> <u>hac</u> <u>vice</u> admission, the Clerk is instructed to close this matter.

14

Lask's admission to practice before this Court has no direct effect on what portion of the negotiated fee the Novak Group is entitled to. The troubling findings of Judge Loretta A. Preska of the Southern District of New York regarding Ms. Lask and litigation ongoing in that district which form the primary basis for Mr. Poplar's application to vacate Ms. Lask's admission notwithstanding, this Court previously determined that Mr. Novak could seek such assistance in the matter as he felt was necessary to litigate the case appropriately. The Court has no reason to question his judgment in that regard, especially in light of the benefits ultimately conferred on the class through the efforts of the Novak Group as a whole. As such, there is no need to resolve Mr. Poplar's Motion to Vacate before resolving his objections to the Report and Recommendation or the pending fee applications.

VII. <u>Adoption of Judge Schneider's Report and Recommendation</u>

Mr. Poplar's objections to the Report and Recommendation are rejected for the reasons stated above, and the Court adopts the Report and Recommendation in its entirety.

As such, the Court will issue an order approving and adopting Judge Schneider's Report and Recommendation (Docket No. 441). In so doing, the Court will grant in part and deny in part Class Counsels' Motions for Attorneys' Fees (Docket Nos. 364 and 366). The Court grants the fee applications but will

apportion the fee awarded to each group of counsel in a manner consistent with the Report and Recommendation: $742,500 to the Poplar Group and $157,500 to the Novack Group. Costs are also apportioned consistent with the Report and Recommendation: $20,068.80 to the Poplar Group and $4,931.20 to the Novack Group.

    An appropriate Order will follow.


Date: September 24, 2019        s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.