UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

TAMMY MARIE HAAS and CONRAD
SZCZPANIAK, individually and
on behalf of a class of
similarly situated
individuals,

    Plaintiffs,

  v.

BURLINGTON COUNTY, et al.,

    Defendants.

Civil No. 08-1102 (NLH/JS)

**OPINION**

---

**APPEARANCES**:

CARL D. POPLAR
CARL D. POPLAR, P.A.
1010 KINGS HIGHWAY SOUTH
BUILDING ONE
CHERRY HILL, NJ 08034

WILLIAM A. RIBACK
WILLIAM RIBACK, LLC
132 HADDON AVENUE
HADDONFIELD, NJ 08033

DAVID J. NOVACK
BUDD LARNER, PC
150 JOHN F. KENNEDY PARKWAY
CN1000
SHORT HILLS, NJ 07078-0999

*Attorneys for Plaintiffs Tammy Marie Haas and Conrad Szczpaniak, individually and on behalf of a class of similarly situated individuals.*

EVAN H.C. CROOK
CAPEHART & SCATCHARD, P.A.
142 WEST STATE STREET

1

TRENTON, NJ 08608

*Attorneys for Defendants Burlington County, Burlington County Correctional Facility, and Ronald Cox.*

**HILLMAN, District Judge:**

There are three remaining motions before the Court in this long-standing action. The first two motions relate to the status of Attorney Susan Lask's pro hac vice admission.[1] The Poplar Group[2] has moved to vacate Attorney Lask's pro hac vice admission (ECF No. 438) while the Novack Group has cross-moved to voluntarily withdraw Attorney Lask's admission (ECF No. 444). The Court also has before it the Poplar Group's motion to reconsider[3] the Court's September 24, 2019 Opinion and Order

---

[1] While the Court's September 24, 2019 Opinion suggests that Magistrate Judge Schneider would decide the motions relating to Attorney Lask's admission to practice before this Court, for purposes of judicial economy, this Court will resolve all pending motions by way of this Opinion and accompanying Order.

[2] The Court will refer to the warring factions not by party name, but rather, and more accurately, by the name of their respective counsel, who continue to fight over ancillary matters long after the substantive portion of this action has been resolved.

There are two groups of counsel involved in this case. The first group includes Carl Poplar and William Riback ("Poplar Group"), who represent Plaintiff Conrad Szczpaniak. The second group includes Attorneys David Novack and Susan Lask ("Novack Group"), who represent Plaintiff Tammy Marie Haas. Collectively, the Court refers to these two groups as "Class Counsel[.]"

[3] The Poplar Group's motion appears to seek relief above and beyond reconsideration of this Court's September 24, 2019 Opinion and Order. Specifically, in addition to reconsideration of the September 24, 2019 Opinion and Order, the Poplar Group

adopting and accepting Magistrate Judge Schneider's Report and Recommendation regarding the allocation of attorneys' fees between class counsel. (ECF No. 449).

For the reasons expressed below, the Poplar Group's motion to vacate Attorney Lask's pro hac vice admission (ECF No. 438) will be denied, the Novack Group's cross-motion to withdraw Attorney Lask's pro hac vice admission (ECF No. 444) will be granted, and the Poplar Group's motion for reconsideration (ECF No. 449) will be denied.

**I.    Relevant Background**

On January 31, 2019, this Court granted final settlement approval in this enduring class action. (ECF No. 383). As part of the settlement, the Court approved a counsel fee and litigation cost award of $925,000. See (ECF No. 328 at 7). Class Counsel, however, could not agree on how to share the award among themselves. As such, the Court attempted to facilitate an amicable resolution of the matter, albeit

---

seeks consolidation of two pending motions relating to Attorney Susan Lask's pro hac vice admission, and perfection of the record for purposes of appeal which the Poplar Group suggests requires the filing on the docket of an ex parte memorandum submitted to the Court during its efforts to facilitate an amicable resolution of the present dispute. The Poplar Group fails to explain how such requests are relevant to the motions pending before this Court. Because the Court finds that these requests for relief, to the extent they can be so categorized, do not affect this Court's determination of whether reconsideration is appropriate, they will not be addressed further.

3

unsuccessfully.  After counsel could not amicably resolve the issue, on September 3, 2019, Magistrate Judge Schneider issued a Report and Recommendation (the "R&R") recommending an allocation of the fee.  (ECF No. 441).  On September 17, 2019, the Poplar Group filed objections to the R&R, and the Court undertook a de novo review of it.

While the Poplar Group's objections to the R&R remained pending before this Court, the Poplar Group moved to vacate Attorney Lask's pro hac vice admission, citing what this Court previously described as "troubling findings of Judge Loretta A. Preska of the Southern District of New York regarding Ms. Lask and litigation ongoing in that district[.]"  (ECF No. 438); Haas v. Burlington Cty., 2019 U.S. Dist. LEXIS 162700, *13-14 (D.N.J. Sept. 24, 2019) (Hillman, J.).  In response, the Novack Group cross-moved to withdraw Attorney Lask's pro hac vice admission.  (ECF No. 444).

On September 24, 2019, this Court issued an Opinion and Order adopting and affirming the R&R in its entirety.  (ECF Nos. 447 (Opinion) & 448 (Order)).  On October 3, 2019, the Poplar Group moved for reconsideration of the September 24, 2019 Opinion and Order (the "Motion for Reconsideration").  (ECF No. 449).  The Novack Group filed opposition on October 18, 2019.  (ECF No. 450).

The pending motions (ECF Nos. 438, 444, & 449) – the last three remaining in this case - are fully briefed and ripe for adjudication.

**II. Discussion**

   a. <u>Standard Governing Motion For Reconsideration</u>

Local Rule 7.1(i) allows a party to file a motion with the Court requesting the Court reconsider the "matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked[.]"  Under Local Rule 7.1(i), the moving party must demonstrate "the need to correct a clear error of law or fact or to prevent manifest injustice." <u>Andreyko v. Sunrise Sr. Living, Inc.</u>, 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (citations omitted).  In doing so, the moving party must show the "dispositive factual matter or controlling decisions of law" it believes the court overlooked in its initial decision.  <u>Mitchell v. Twp. Of Willingboro</u>, 913 F. Supp. 2d 62, 78 (D.N.J. 2012) (citations omitted).  A mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law.  <u>United States v. Compaction Sys. Corp.</u>, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

   b. <u>The Poplar Group's Motion for Reconsideration</u>

The Poplar Group's Motion for Reconsideration advances four main arguments, none of which suggest that the Court overlooked relevant facts or controlling law, but rather rehash arguments

5

previously raised.  Most of the Poplar Group's arguments focus on Attorney Lask's involvement in this case and the relevancy of such involvement to this Court's decision to adopt the R&R's recommendation regarding fee allocation.  See (ECF No. 449-1 ("Poplar Recon. Br.") at 2-5).  This Court previously concluded that Attorney Lask's involvement in this action and the status of Ms. Lask's admission to practice before this Court have "no direct effect on what portion of the negotiated fee the Novak Group is entitled to."  Haas, 2019 U.S. Dist. LEXIS 162700, at *13.  The Poplar Group fails to identify new facts or controlling law that would require reconsideration of this prior decision.

For the first time, and in a footnote, the Poplar Group also argues that Magistrate Judge Schneider "lack[ed] the authority to resolve" the issue of the allocation of attorney's fees.  The position now advanced by the Poplar Group directly contradicts the position it took in objecting to the R&R.  Previously, the Poplar Group acknowledged that "Judge Schneider is in the best position of any judicial officer to make an allocation recommendation because he participated in many aspects of the case and was an eye[-]witness to court activity." (Docket No. 442 at 1).  In any event, the Poplar Group's abrupt change in position does not warrant reconsideration.

In furthering its argument, the Poplar Group directs this Court to authority from the Sixth Circuit Court of Appeals for the proposition that "attorney fee distribution is reviewed under [a] de novo standard[.]" (Poplar Recon. Br. at 3, n.1). The Court interprets the Poplar Group's argument as suggesting that reconsideration is appropriate because a _de novo_ standard of review should be applied to the R&R's fee allocation determination. Reconsideration is not warranted, as the Court applied the very standard the Poplar Group suggests is required:

> In light of the unique procedural posture of this action, the appropriate standard of review to be applied by this Court in reviewing the Report and Recommendation requires some discussion.
>
> . . . .
>
> The topic addressed by the Report and Recommendation is the division, amongst Class Counsel, of a negotiated lump sum of attorneys' fees and costs previously approved by the Court. Whether the issue of awarding attorneys' fees is dispositive or non-dispositive appears unresolved in this District and this Circuit. The Court believes that there is much to support a conclusion that it is not dispositive. As noted, while the award required the approval of the Court, it was not a contested issue requiring resolution by a jury or the Court. Rather, it came before the Court as part of a mediated class action settlement. As such, the Court's resolution of the remaining issue of allocation does not affect the amount or certainty of the Court's final judgment. However, out of caution, the Court will apply the higher standard of review and conduct a _de novo_ review of the portions of the Report and Recommendation objected to. See City of Long Branch, 866 F.3d at 99.

Haas, 2019 U.S. Dist. LEXIS 162700, at *6-9.

7

As such, to the extent the Poplar Group argues that reconsideration is appropriate because this Court failed to conduct a de novo review of the R&R, that argument lacks merit. Accordingly, the Motion for Reconsideration will be denied.

### c. Motions Relating To Attorney Lask's Pro Hac Vice Admission

Attorney Lask's pro hac vice admission in this action followed a tortuous path. On June 30, 2016, Attorney Lask sought leave to appear pro hac vice. (ECF No. 206). For reasons expressed on the record, on October 18, 2016, this Court denied Attorney Lask's motion. (ECF No. 255). Attorney Lask later filed a renewed motion for leave to appear pro hac vice (ECF No. 283), which Magistrate Judge Schneider ultimately granted, but with conditions (ECF No. 297).

Thereafter, on August 27, 2019, Judge Loretta A. Preska of the United States District Court for the Southern District of New York entered an order in an unrelated matter recounting concerning details about Attorney Lask's actions before that court.[4] See (Poplar PHV Br. at 5). As a result, Judge Preska ordered "the matter [of Attorney Lask's actions be] referred to the United States Marshal" for investigation. See (Poplar PHV Br. at 5).

---

[4] Because the details of Attorney Lask's alleged behavior lacks relevancy to the motions pending before this Court, a description of that behavior has been consciously and explicitly excluded from this Opinion.

The Poplar Group moves to vacate Attorney Lask's pro hac vice admission referring the Court to Attorney Lask's behavior before our sister court in New York. (ECF No. 438-1 ("Poplar PHV Br.") at 2-6). In response, the Novack Group cross-moves to withdraw Attorney Lask's pro hac vice admission. (ECF No. 444).

Local Civil Rule 101.1(c) governs pro hac vice admissions in this district. The rule provides:

> Any member in good standing of the bar of any court of the United States or of the highest court of any state, who is not under suspension or disbarment by any court . . . may in the discretion of the Court, on motion, be permitted to appear and participate in a particular case.

L. Civ. R. 101.1(c).

"Admission pro hac vice is a privilege, and as such, the privilege may be revoked as a sanction for unethical behavior." In re PMD Enters., 215 F. Supp. 2d 519, 531 (D.N.J. 2002) (citing Johnson v. Trueblood, 629 F.2d 302, 304 (3d Cir. 1980); Data Systems Analysts, Inc. v. Netplex Group, 187 F.R.D. 181 (D.N.J. 1999)). As for what behavior may warrant the revocation of pro hac vice admission, the Third Circuit suggests that, "at a minimum, a violation of any disciplinary standard applicable to members of the bar of the court would justify revocation of pro hac vice status." Id. (quoting Johnson, 629 F.2d at 304).

However, "[r]evocation of pro hac vice status should never be sought as a litigation tactic." See Kamienski v. AG of New Jersey, 2015 U.S. Dist. LEXIS 74122 (D.N.J. June 9, 2015)).

9

A review of the record before this Court – including the Poplar Group's briefing on the Motion for Reconsideration - suggests that the motion to vacate Attorney Lask's admission is being used as a litigation tactic to jockey for position in the underlying fee dispute. In fact, the Poplar Group explicitly asks the Court to "join the PHV revocation . . . motions . . . with the reconsideration [motion] because as submitted herein they are interrelated." (Poplar Recon. Br. at 5). They are not. As this Court previously determined,

> the status of Ms. Lask's admission to practice before this Court has no direct effect on what portion of the negotiated fee the Novak Group is entitled to. The troubling findings of Judge Loretta A. Preska of the Southern District of New York regarding Ms. Lask and litigation ongoing in that district which form the primary basis for Mr. Poplar's application to vacate Ms. Lask's admission notwithstanding, this Court previously determined that Mr. Novak could seek such assistance in the matter as he felt was necessary to litigate the case appropriately. The Court has no reason to question his judgment in that regard, especially in light of the benefits ultimately conferred on the class through the efforts of the Novak Group as a whole.

Haas, 2019 U.S. Dist. LEXIS 162700, at *13-14.

Either way, the Court need not address that issue further. The Novack Group has moved to voluntarily withdraw Attorney Lask's pro hac vice admission, and the Court will grant that motion.[5]

---

[5] The Court takes this opportunity to remind counsel of the obligations set forth in Local Civil Rule 101.1(c)(1), which

10

For those reasons, the Poplar Group's motion to vacate Attorney Lask's pro hac vice admission (ECF No. 438) will be denied, the Novack Group's cross-motion to withdraw Attorney Lask's pro hac vice admission (ECF No. 444) will be granted, and the Poplar Group's motion for reconsideration (ECF No. 449) will be denied.

An appropriate Order will follow.


Date: October 30, 2019　　　　　　　s/ Noel L. Hillman
At Camden, New Jersey　　　　　　　NOEL L. HILLMAN, U.S.D.J.

---

requires that any motion to appear pro hac vice "shall contain a statement certifying that no disciplinary proceedings are pending against the attorney in any jurisdiction and no discipline has previously been imposed on the attorney in any jurisdiction" and that "[a]n attorney admitted pro hac vice shall have the continuing obligation during the period of such admission promptly to advise the court of the disposition made of pending charges or of the institution of new disciplinary proceedings." L. Civ. R. 101.1(c)(1). Whether Judge Preska's order triggered Attorney Lask's obligation to alert this Court to pending disciplinary proceedings is an issue this Court need not presently address. Nonetheless, Attorney Lask must ensure that any future application to appear before this Court complies with the Local Civil Rules.